UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ED IANNARELLA and KIM
IANNARELLA,

    Plaintiffs,

v.                                    Case No.:  2:19-cv-579-FtM-38MRM

ZEAL HOTELS GROUP, LLC,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Zeal Hotels Group, LLC's Supplement to Notice of Removal to Federal Court (Doc. 21) and Plaintiffs Ed Iannarella and Kim Iannarella's Response (Doc. 23). For the following reasons, the Court remands this action to state court.

Plaintiffs filed suit against Zeal for breach of contract in state court on March 12, 2018. (Doc. 4). Plaintiffs first received default judgment against Zeal in June 2018. (Doc. 1-13). Due to service of process issues, Plaintiffs moved to vacate the default judgment to perfect service upon Zeal, which the court granted. (Docs. 1-17; 21-2). Plaintiffs served Zeal on January 7, 2019. Zeal again failed to respond. Plaintiffs obtained a

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

second default judgment in April 2019, along with costs and attorney's fees and court-ordered garnishment. (Docs. 1-20; 1-22; 1-23; 1-26; 1-37; 1-46; 1-49; 1-54; 21-3; 21-4). On August 16, 2019, Zeal moved to quash service of process, vacate final judgment, and dissolve garnishment. (Doc. 1-64). That same day, Zeal removed the case to this Court based on diversity jurisdiction. (Doc. 1).

Upon *sua sponte* review of Zeal's Notice of Removal, the Court found removal problematic for two reasons. (Doc. 16). First, Zeal removed this case more than one year after Plaintiffs filed suit. (*Id.* at 2). Second, Zeal removed this case even though the state court entered final judgment and had not yet decided the motion to vacate. (*Id.* at 2-3). The Court allowed Zeal to supplement its removal. (*Id.* at 3). After reviewing the record, the parties' arguments, and applicable case law, the Court finds Zeal's removal untimely and barred by the *Rooker-Feldman* doctrine.

Crucial here, a case may not be removed based on diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Zeal removed this action over seventeen months after Plaintiffs initiated this suit in state court, and it has failed to show Plaintiffs acted in bad faith. Thus, removal is untimely under § 1446(c)(1).

Even if removal was timely, it runs afoul of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine, when applicable, bars federal-court jurisdiction. It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Under this doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 132 (11th Cir. 2005) (citation omitted). The Eleventh Circuit applies *Rooker-Feldman* to a claim that (1) the state court adjudicated; or (2) is "inextricably intertwined" with a state court judgment." *See Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018).

Zeal's removal falls squarely under the *Rooker-Feldman* doctrine because it effectively asks this Court to invalidate the state court's final judgment due to improper service of process. The Court, however, lacks federal jurisdiction to review a final state court judgment. Because Zeal has failed its burden to show federal jurisdiction exists, the case is due to be remanded to state court.

Accordingly, it is now **ORDERED:**

The above-captioned case is **DISMISSED** for lack of subject matter jurisdiction and **REMANDED** to the Circuit Court, Twentieth Judicial Circuit in and for Lee County, Florida.

1. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.
2. The Clerk of Court is **DIRECTED** to terminate pending motions and deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record